# Winning, Appellant, *v.* Frantz.

*Land law—Surveys—Conflicts—Duty of deputy surveyor—Warrant.*

A subsequent survey cannot affect a prior one regularly made and returned.

A descriptive warrant, and payment of part of the purchasemoney, gives an equitable interest in the land from its date, and when the patent issues the warrantee becomes possessed of the full legal title and it relates back to the inception of his equitable title.

If the deputy surveyor, after he has made the survey, but before making his return, discovers that he had taken in too much land,

he should notify the warrantee giving him an opportunity to determine what lands should be excluded, and should indicate by his return the lands which were to pass under the survey.

Where the official survey of a tract of land calls for an earlier survey as an adjoiner on the north, and the undisputed evidence discloses that the line of the senior, survey was the line actually run upon the ground by the deputy surveyor in locating the junior survey, and there are no marks on the ground to stop the junior survey from going to the southern line of the senior survey, the survey is to be carried to its calls for adjoiners, even though it overrun the distances returned, and a call for adjoiner will over-rule the lines returned by courses and distances, where there are no lines upon the ground.

Argued Oct. 26, 1916.  Appeal, No. 265, Oct. T., 1916, by plaintiff, from judgment of C. P. Centre Co., Sept. T., 1914, No. 53, on verdict for defendant in case of Wilbur H. Winning v. Wilson G. Frantz et al.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass for the alleged illegal cutting of timber.  Before QUIGLEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendants.  Plaintiff appealed.

*Errors assigned* were various instructions.

*J. Kennedy Johnston,* for appellant.

*S. D. Gettig,* with him *John J. Bower,* for appellees.

OPINION BY PORTER, J., October 8, 1917:

This is an action of trespass for cutting timber upon land alleged to be the property of the plaintiff.  There was a verdict and judgment in the court below in favor of the defendants and the plaintiff appeals.  The controversy involved the rights of the parties under conflicting

warrants, returns of survey and patents. A warrant was issued by the Commonwealth to Abednego Laird, one of the defendants, on July 17, 1905, and was directed to David W. Pletcher, the then county surveyor of Centre County, who went upon the ground and surveyed it on the 25th day of April, 1907, and made a draft of his work done on the ground, which he returned to the land office at Harrisburg, and which official survey, as to the part thereof here involved, called for vacant land on the east and west sides thereof and for lands of Harris and Gray along the northerly line. The plaintiff, who in March, 1907, had filed an application for a warrant, on May 6, 1907, filed a caveat against the acceptance of the survey returned upon the Laird warrant, asserting that the survey as returned covered lands for which he had made application. The board of property, after a hearing, dismissed the caveat and accepted the Laird survey. A patent was subsequently issued to Laird, in accordance with the return of survey, calling for lands of Harris and Gray as the northern boundary of the track. A warrant was, in March, 1909, issued to Winning, the plaintiff, for one hundred and fifty-nine acres, and addressed to J. H. Wetzel, then surveyor of the County of Centre, who made a return of survey thereof to the secretary of internal affairs, on November 19, 1909, and a patent issued for one hundred and forty-five acres and seventy-five perches, on February 3, 1910. The return of survey upon the Winning warrant and the patent issued in pursuance thereof called for a strip of land located between the Laird land and older surveys under warrants of John and Jacob Miller.

The surveys under the warrants which had been issued to John and Jacob Miller had been returned over a century ago and the southern line of those tracts was established beyond all controversy, and it is upon all hands admitted that when the surveys upon the warrants now in question were made and returned, the lands covered by the Miller warrants had become the

property of Harris and Gray; the lands of Harris and Gray are the lands covered by the surveys under the warrants of John and Jacob Miller. If the northern line of the tract which Laird took under his warrant, return of survey and patent was the southern line of the Harris and Gray lands, then there could be no vacant land between these two tracts, subject to appropriation by a subsequent warrantee. A subsequent survey cannot affect a prior one, regularly made and returned: Robeson v. Gibbons, 2 Rawle 45; Midland Mining Co. v. Lehigh V. Coal Co., 136 Pa. 444. The Laird warrant was a descriptive one. A descriptive warrant, and payment of part of the purchase-money, gives an equitable interest in the land from its date, and when the patent issues the warrantee becomes possessed of the full legal title, and it relates back to the inception of his equitable title: Keller v. Powell, 142 Pa. 96.

There was no difficulty, under the evidence in this case, in following the steps of the deputy surveyor when locating the Laird warrant upon the land. He ran the lines to the southern line of the Harris and Gray properties, he located the north line of the Laird survey at the southern boundary of those properties, and he made his return of survey showing that the north line of the Laird survey was the southern line of the Harris and Gray, or John and Jacob Miller lands. He did nothing upon the ground nor in making his return of survey, to indicate that the north line of the Laird land was distinct from the southern line of the Harris and Gray lands. If, after the survey, before making his return, he discovered that he had taken in too much land, he might have notified the warrantee, giving him an opportunity to determine what lands should be excluded, and indicated by his return the lands which were to pass under the survey: Ruggles v. Gaily, 2 Rawle 231; Mineral, Etc., Railroad Co. v. Auten, 188 Pa. 568. He did nothing of this kind and there was nothing in his return as made which could have indicated to the warrantee or

to the representatives of the Commonwealth that the northern line of the Laird land was not the southern line of Harris and Gray. It now appears that the eastern and western lines of the Laird survey will overrun the distances indicated upon the draft of the return of survey if the survey is to be carried to its call for the Harris and Gray lines. Where the official survey of a tract of land calls for an earlier survey as an adjoiner on the north, and the undisputed evidence discloses that the line of the senior survey was the line actually run upon the ground by the deputy surveyor in locating the junior survey and there are no marks on the ground to stop the junior survey from going to the southern line of the senior survey, the survey is to be carried to its calls for adjoiners, even though it overrun the distances returned, and a call for adjoiner will overrule the lines returned by courses and distances where there are no lines upon the ground: Fisher v. Kaufman, 170 Pa. 444. The case was tried by the learned judge of the court below upon the principles recognized by the decisions above cited, and was left to the jury with instructions of which the appellant has no just cause for complaint.

The judgment is affirmed.